■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DINKLE, Appellant. [755 NYS2d 189] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered March 3, 1998, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by reversing that part convicting defendant of criminal possession of a controlled substance in the first degree under count two of the indictment as renumbered and vacating the sentence imposed thereon and as modified the judgment is affirmed, and a new trial is granted on count two of the indictment as renumbered.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), arising from his alleged involvement in a conspiracy to sell cocaine. His arrest was the result of a police investigation involving the use of wiretaps. Contrary to the contention of defendant, Supreme Court properly denied his motion to suppress the contents of a shopping bag seized from the passenger compartment of his motor vehicle at the time of the arrest. The police had probable cause to arrest defendant, and the final monitored conversation and subsequent surveillance gave them "reason to believe that the [motor vehicle] may contain evidence related to the crime for which [defendant, the driver,] was arrested" (*People v Belton*, 55 NY2d 49, 55, *rearg denied* 56 NY2d 646).

Defendant further contends that he was denied effective assistance of counsel at trial with respect to that count of the indictment charging him with criminal possession of a controlled substance in the first degree. We agree. A defendant's constitutional right to effective assistance of counsel is satisfied when the evidence, the law and the circumstances of the case, viewed in totality and as of the time of the representation, establish that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). "In applying this standard, counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (*People v Benevento*, 91 NY2d 708, 712). "Counsel's performance should be 'objectively evaluated' (*People v Angelakos*, 70 NY2d 670, 673) to determine whether it was consistent with strategic decisions of a 'reasonably competent attorney' (*People v Satterfield*, 66 NY2d 796, 799 * * *; *People v Angelakos*, 70 NY2d 670, 673, *supra*)" (*id.*).

Applying that standard, we conclude that defendant did not receive meaningful representation at trial with respect to the charge of criminal possession of a controlled substance in the first degree. This is not a case in which defense counsel pursued an alternative, albeit unsuccessful, trial strategy with respect to the charge at issue herein (*cf. Benevento*, 91 NY2d at 714-

715). Defense counsel here failed to pursue any defense at trial with respect to that charge, nor did he challenge the strength of the People's ·case on that charge through cross-examination at trial. Indeed, defense counsel effectively conceded defendant's guilt on that charge when he stated during summation that scales, strainers and baggies were "found in [defendant's] possession." Defense counsel thereby all but invited the jury to conclude that the cocaine was also found in defendant's possession inasmuch as all of the items were found together in the same shopping bag.

Defendant does not dispute that he received meaningful representation at trial on the remaining charges, which are less serious. We therefore modify the judgment by reversing that part convicting defendant of criminal possession of a controlled substance in the first degree under count two of the indictment as renumbered and vacating the sentence imposed thereon, and we grant a new trial on that count.

All concur except Pigott, Jr., P.J., and Pine, J., who dissent in part and vote to reverse in accordance with the following memorandum.

Pigott, Jr., P.J. and Pine, J. (dissenting in part). We respectfully dissent in part. Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and conspiracy in the second degree (§ 105.15). The majority notes that defendant contends on appeal that he was denied effective assistance of counsel with respect to that count of the indictment charging him with criminal possession of a controlled substance in the first degree and concludes therefrom that he seeks reversal only with respect to that count. We agree with the majority that defendant was denied effective assistance of counsel at trial with respect to that count but conclude that the judgment of conviction should be reversed in its entirety. Contrary to the implicit view of the majority, by contending that defense counsel provided no defense to the top count of the indictment defendant does not thereby concede that he received meaningful representation on the remaining charges. The evidence on the conspiracy count consisted in part of taped telephone conversations, and defense counsel contended that the conversations were ambiguous and therefore could be interpreted to concern matters other than drugs. However, in virtually conceding that defendant possessed more than four ounces of cocaine along with other drug paraphernalia, defense counsel in effect negated the purported

defense to the conspiracy count, as well as to the possession counts.

Pursuant to the well-established principle cited by the majority, a defendant's constitutional right to effective assistance of counsel is satisfied when the evidence, the law and the circumstances of the case, viewed *in totality* and as of the time of the representation, establish that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). "While the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case. In that regard, we have refused to apply the harmless error doctrine in cases involving substantiated claims of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 714; *cf. People v Wicks*, 76 NY2d 128, 130-131, *rearg denied* 76 NY2d 773). Viewing defendant's trial in its totality, we conclude that "a single, substantial error by counsel so seriously compromise[d] * * * defendant's right to a fair trial" that a new trial on all three counts is required (*People v Hobot*, 84 NY2d 1021, 1022). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.