■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WILLINGHAM, Appellant. [956 NYS2d 165]—

On December 2, 1991, the defendant was convicted, upon his plea of guilty, of robbery in the first degree (two counts) (*see* Penal Law § 160.15 [4]) and attempted rape in the first degree (*see* Penal Law §§ 110.00, 130.35 [1]; *see also People v Willingham*, 194 AD2d 703 [1993]).

On November 4, 2004, a hearing pursuant to the Sex Offender Registration Act (hereinafter SORA) was conducted. At the SORA hearing, the People argued that the defendant should be assessed a total of 125 points, including 30 points under risk factor 1 for being armed with a dangerous instrument. The defendant's assigned counsel did not contest any of the points sought to be assessed against the defendant. Based upon certain arguments made by the defendant on his own behalf, the Supreme Court reduced the defendant's risk score to 115 points, which still placed the defendant within the range of a risk level three offender. The Supreme Court designated the defendant a level three sexually violent offender, and the defendant appeals.

A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel (*see People v Bowles*, 89 AD3d 171, 173 [2011]; *see also People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *Strickland v Washington*, 466 US 668 [1984]).

The circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's assigned counsel did not provide meaningful representation at the SORA hearing (*see People v Baldi*, 54 NY2d at 147; *cf. People v Bowles*, 89 AD3d 171 [2011]; *People v Reid*, 59 AD3d 158, 158-159 [2009]). Counsel did not controvert any of the points which the People sought to assess against the defendant. Indeed, counsel failed to litigate any aspect of the adjudication. Counsel remained silent throughout the entire SORA hearing, except for making two statements which showed an apparent misunderstanding as to how to challenge a SORA determination. Under the facts of this case, counsel's failure to contest the assessment of 30 points under risk factor 1 was so egregious and prejudicial as to deprive the defendant of the effective assistance of counsel (*cf. People v Benevento*, 91 NY2d at 714; *People v Bowles*, 89 AD3d at 181).

Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.