In an action to foreclose a mortgage, the defendant Scott A. Brody appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 21, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, and denied that branch of his cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him, and (2) so much of an order of the same court, also dated August 21, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan.
 

 Ordered that the first order dated August 21, 2015, is modified by deleting the provision thereof granting those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Scott A. Brody and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff’s motion; as so modified, the first order dated August 21, 2015, is affirmed insofar as appealed from, and the provisions of the second order dated August 21, 2015, granting those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Scott A. Brody and for an order of reference, and appointing a referee to compute the amount due on the mortgage loan are vacated; and it is further,
 

 Ordered that the appeal from the second order dated August 21, 2015, is dismissed as academic in light of our determination on the appeal from the first order dated August 21, 2015; and it is further,
 

 Ordered that one bill of costs is awarded to the appellant.
 

 In November 2013, the plaintiff commenced this action to foreclose a mortgage given by the appellant, Scott A. Brody, as security for a note. The plaintiff alleged in the complaint that it was the current holder of the note. The appellant served an answer asserting, as an affirmative defense, that the plaintiff did not have standing. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The appellant cross-moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted those branches of the plaintiff’s motion and denied that branch of the appellant’s cross motion.
 

 “ ‘Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default’ ” (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684 [2016], quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]; see U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1103 [2017]). However, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628 [2014], affd 25 NY3d 355 [2015]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007]). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). “A ‘holder’ is ‘the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession’ ” (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting UCC 1-201 [b] [21]; see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638 [2016]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]).
 

 Here, the plaintiff produced the mortgage, the unpaid note, and evidence of the appellant’s default. However, the plaintiff failed, prima facie, to establish its standing. Where, as here, the note has been endorsed in blank, the purported holder of the note must establish its standing by demonstrating that the original note was physically delivered to it prior to the commencement of the action (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). The plaintiff attempted to establish its standing through the affidavit of Myron D. Keyes, Vice President Loan Documentation of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the servicing agent to the plaintiff. However, Keyes averred only that the plaintiff was “in possession of” the note. The plaintiff subsequently submitted a further affidavit from April J. Linn, another Vice President Loan Documentation of Wells Fargo. Unlike Keyes, Linn submitted documentary evidence showing that Wells Fargo was appointed the plaintiffs servicing agent on February 21, 2014. Linn further averred, based on her familiarity with the business records maintained by Wells Fargo, that the plaintiff “had possession of the [note] as of November 28, 2006.” However, Linn’s affidavit failed, among other things, to explain how a review of the business records of a servicing agent appointed in 2014 could prove that the plaintiff had obtained physical possession of the note more than seven years earlier. In sum, Keyes’ affidavit, as well as Linn’s subsequent affidavit, provided neither sufficient factual details to establish the physical delivery of the note to the plaintiff prior to the commencement of this action (see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 682 [2012]; HSBC Bank USA v Hernandez, 92 AD3d 843, 844 [2012]), nor the foundational knowledge required to admit such factual details under the business records exception to the hearsay rule (see CPLR 4518 [a]; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954 [2016]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685).
 

 Therefore, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, and those branches of its motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference should have been denied, regardless of the sufficiency of the appellant’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 The appellant’s remaining contentions are without merit.
 

 Rivera, J.R, Chambers, Duffy and Iannacci, JJ., concur.