Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 19, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for a new hearing and a new determination thereafter, in accordance herewith.
 

 The defendant was convicted, upon his plea of guilty, of rape in the second degree (Penal Law § 130.30 [1]). Prior to his release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) classified the defendant as a presumptive level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), having determined that he should be assessed a total of 140 points on the risk assessment instrument. At the subsequent risk assessment hearing, the People argued in favor of all of the points assessed by the Board. The defendant’s assigned counsel did not make any arguments in the defendant’s favor. The County Court designated the defendant a level three sex offender, and the defendant appeals.
 

 A defendant has a right to the effective assistance of counsel in a SORA proceeding (see People v Willingham, 101 AD3d 979 [2012]; People v Bowles, 89 AD3d 171, 179 [2011]). Here, the defendant’s counsel “failed to litigate any aspect of the adjudication” (People v Willingham, 101 AD3d at 980), and, instead, affirmatively asserted that there was no basis on which to challenge or depart from the presumptive risk level. Moreover, defense counsel’s comments suggested that there was no basis for a downward departure because the points “add[ed] up validly,” thus demonstrating a misunderstanding of the law regarding downward departures from the presumptive risk level (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). These facts, as well as defense counsel’s failure to seek a downward departure under the circumstances of this case, operated to deprive the defendant of meaningful representation in the SORA proceeding (see People v Willingham, 101 AD3d at 980; see generally People v Caban, 5 NY3d 143 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Bowles, 89 AD3d 171, 178 [2011]).
 

 Accordingly, we reverse the order and remit the matter to the County Court, Suffolk County, for a new risk level assessment hearing and a new determination thereafter.
 

 In light of our determination, we need not reach the defendant’s remaining contention.
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.