People v Carman (2021 NY Slip Op 02834)





People v Carman


2021 NY Slip Op 02834


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10126

[*1]People of State of New York, respondent,
v
Peter Carman, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Khan, J.), dated July 26, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child less than 16 years of age under Penal Law § 263.16, while on probation for another offense, and was sentenced to a definite term of one year of imprisonment.
This appeal arises from a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The Board of Examiners of Sex Offenders (hereinafter the Board), in its risk assessment instrument (hereinafter RAI), assessed a total of 60 points against the defendant, resulting in a presumptive level one classification (see People v Curry, 158 AD3d 52, 54). The People submitted their own RAI assessing additional points, resulting in a level three classification. At the SORA hearing, the People requested that in addition to points assessed by the Board, 30 additional points should be assessed under risk factor 3 (number of victims: three or more), 20 additional points should be assessed under risk factor 7 (relationship with victim: stranger), and 10 additional points should be assessed under risk factor 12 (acceptance of responsibility). Those 120 points, if assessed, placed the defendant in the category of a presumptive level three sex offender. Defense counsel opposed the assessment of additional points, arguing that under People v Gillotti (23 NY3d 841), the court had discretion to assess the points, but was not required to do so. As to risk factor 12, the defendant, after having pleaded guilty, told the Department of Probation during its presentence investigation that the child pornography had been accidently downloaded into his phone and was found without him knowing how it got there. In a letter the defendant had written to the Board, he stated that he had stumbled upon the child pornography but did not look at it. The defendant's counsel argued that the defendant had taken responsibility for his actions.
The County Court granted the People's request, and in addition to the 60 points set forth in the Board's RAI, assessed 30 points under risk factor 3 and 20 points under risk factor 7, for [*2]a total of 110 points, and designated the defendant a level three sex offender. The court did not assess any points under risk factor 12, finding that the assessment of 10 points under that factor was academic, as, with or without the assessment of those points, the defendant would be designated a level three sex offender. The court also stated that it did not consider a downward departure from the presumptive risk level, as no request had been made for that relief.
Contrary to the defendant's contentions, the County Court properly assessed points under risk factors 3 and 7. As to risk factor 3, the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted the images of more than three child victims, as there were 67 pornographic images of more than three different young children on his cell phone. As to risk factor 7, the People established by clear and convincing evidence that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d at 859-860; People v Smith, 187 AD3d 1228; People v Waldman, 178 AD3d 1107; People v Rivas, 173 AD3d 786, 786-787; People v Reuter, 140 AD3d 1143; People v Morel-Baca, 127 AD3d 833).
In his pro se supplemental brief, the defendant challenges the County Court's assessment of 10 points under risk factor 12. However, as noted above, the court did not actually assess 10 points for that factor.
In his pro se supplemental brief, the defendant also challenges the County Court's assessment of 10 points under risk factor 13 (conduct while confined). However, the court's assessment of 10 points under that risk factor was proper based upon the defendant's commission of six Tier II and one Tier III disciplinary violations while in jail (see People v Collins, 188 AD3d 1107, 1107-1108; People v Holmes, 166 AD3d 821; People v Lima-Sanchez, 162 AD3d 698; People v Williams, 100 AD3d 610).
The defendant further argues in his pro se supplemental brief that he was deprived of the effective assistance of counsel. Specifically, the defendant contends that his attorney did not permit him to speak to the court, failed to advise him prior to the SORA hearing that the People intended to argue for the assessment of points in addition to those assessed by the Board, and failed to preserve an objection about the timeliness of the People's intention to deviate from the Board's RAI. Nowhere, however, does the defendant specifically argue that counsel was ineffective for failing to request a downward departure from his presumptive risk level assessment, or that counsel was ineffective for failing to adequately argue against the assessment of points under any specific risk factor. As a result, the question of whether defense counsel was ineffective at the SORA hearing for the reasons now raised by our dissenting colleague is not properly before our Court (see Misicki v Caradonna, 12 NY3d 511, 519; Kaufman v Kaufman, 189 AD3d 31; Matter of Cassini, 182 AD3d 13, 42; Levin v State of New York, 32 AD3d 501, 503; Tammaro v County of Suffolk, 224 AD2d 406, 407).
As to the ineffectiveness issues actually raised by the defendant in his pro se supplemental brief, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713-714; People v Baldi, 54 NY2d 137, 147).
Assuming arguendo that in hindsight, the defendant's counsel, instead of simply opposing the People's request for an upward departure from the Board's assessment of points, also should have expressly argued for a downward departure from the assessment of points contained in the People's RAI, the omission was not so egregious or prejudicial as to deprive the defendant of the effective assistance of counsel (see People v Bowles, 89 AD3d 171, 181). The defendant has neither demonstrated the absence of a strategic or other legitimate explanation for counsel's failure to request a downward departure, nor even addressed that issue in the pro se supplemental brief, as is necessary to sustain an ineffectiveness claim (see People v Rivera, 71 NY2d 705, 709). Further, depictions on the defendant's phone included young girls who were toddlers to age seven, including those engaged in sexual intercourse and oral sex with men. Under these circumstances, a downward departure would not have been appropriate given "the number and nature of the images possessed [*3]by the defendant" (People v Rossano, 140 AD3d 1042,1043).
The defendant's remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, we agree with the County Court's determination designating the defendant a level three sex offender pursuant to Correction Law article 6-C.
DILLON, J.P., LASALLE and CONNOLLY, JJ., concur.
BARROS, J., dissents and votes to reverse the order, on the law, and remit the matter to the County Court, Suffolk County, for a new hearing and determination, with the following memorandum:
The defendant established that he was deprived of the effective assistance of counsel at the hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) based upon his assigned counsel's misunderstanding of People v Gillotti (23 NY3d 841), the seminal case governing SORA proceedings against child pornography offenders, and his concomitant failure to request a downward departure from the level three sex offender designation sought by the People (see People v Collins, 156 AD3d 839; People v Willingham, 101 AD3d 979; cf. People v Bowles, 89 AD3d 171, 179).
On October 29, 2014, the defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child less than 16 years of age (Penal Law § 263.16). The conviction arose out of the defendant's possession of a cell phone containing 67 pornographic images of young children. The defendant was sentenced to a one-year definite term of imprisonment.
Upon the defendant's release, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter RAI) dated May 9, 2018, in which it assessed 60 points, and designated the defendant as a presumptive level one sex offender, reflecting its determination that the defendant was a low risk to reoffend. Notably, in its Case Summary, the Board stated that there were no factors in its Scoring for Child Pornography Position Statement warranting an upward departure.
At the SORA hearing, the People requested the assessment of 120 points and the designation of the defendant as a level three sex offender. The defendant's assigned counsel contested, inter alia, the People's request for 30 points under risk factor 3 (number of victims: three or more) even though the child pornography possessed by the defendant depicted the images of more than three child victims. He also contested the People's request for the assessment of 20 points under risk factor 7 (relationship with victim: stranger), even though the children in the images were strangers to the defendant. Assigned counsel argued that, in accordance with People v Gillotti (23 NY3d 841), the court had "discretion to give the points or not give the points" under risk factors 3 and 7.
After the County Court heard arguments regarding the points to be assessed on the RAI, it asked the defendant's assigned counsel if there was "anything further?" Counsel merely indicated that his client "reaffirms his guilty plea" and has taken responsibility. Counsel failed to request a downward departure from the level three designation sought by the People. The court then indicated that it would reserve its decision. The defendant then asked whether he could be given an opportunity to speak, and his assigned counsel said "no."
In the order appealed from, the County Court determined, inter alia, that the People established, by clear and convincing evidence, the assessment of 110 points. The court specifically noted that "the defendant failed to make an application for downward departure," and stated that it therefore "will not address the three-part analytical process set forth in Gillotti." The court designated the defendant a level three sex offender, reflecting a determination that he is at the highest [*4]level of risk to reoffend.
Contrary to the determination of my colleagues in the majority, the defendant's pro se supplemental brief at pages 11 and 17 sufficiently presents the argument that his assigned counsel was ineffective in failing to allow him to present mitigating circumstances in furtherance of a request for a downward departure. In this regard, the defendant specifically argues that his attorney's failure to allow him to speak "resulted in my not being able to give reasons or introduce all of the mitigating factors that would prove I should be a Level One Offender." He argues that "[t]here were mitigating factors in my case and circumstances that prove I stand apart from these types of [level three] offenders and do not deserve to be in the same class as them."
"A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Willingham, 101 AD3d at 979; see People v Collins, 156 AD3d at 830; People v Bowles, 89 AD3d at 173). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147; see People v Wright, 25 NY3d 769, 779). "Where a defendant claims that counsel's performance is deficient the defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Wright, 25 NY3d at 779 [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712). "[T]he claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Benevento, 91 NY2d at 714).
The circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's assigned counsel did not provide meaningful representation at the SORA hearing (see People v Collins, 156 AD3d at 830-831; People v Willingham, 101 AD3d at 980; cf. People v Bowles, 89 AD3d 171). Counsel's attempt to controvert points under risk factors 3 and 7, and failure to request a downward departure, evinced a misunderstanding of People v Gillotti (23 NY3d 841). In Gillotti, the Court of Appeals held that, in assessing child pornography offenders, the plain language of the RAI authorizes the scoring of points under risk factors 3 and 7, and that the court must score points in accordance with the RAI (see id. at 859). Thus, contrary to the arguments made by assigned counsel, the SORA court was constrained, under the facts of this case, to assess points under risk factors 3 and 7, since the child pornography possessed by the defendant depicted the images of more than three child victims who were strangers to the defendant (see People v Smith, 187 AD3d 1228; People v Bolan, 186 AD3d 1273; People v Benton, 185 AD3d 1103, 1104-1105; People v Worrell, 183 AD3d 602, 603; People v Waldman, 178 AD3d 1107).
Moreover, Gillotti held that "in deciding a child pornography offender's application for a downward departure, a SORA court should, in the exercise of its discretion, give particularly strong consideration to the possibility that adjudicating the offender in accordance with the guidelines point score and without departing downward might lead to an excessive level of registration" (People v Gillotti, 23 NY3d at 860). Even though the Board determined that the defendant was a low risk to reoffend and indicated that there were no factors in the Scoring for Child Pornography Position Statement warranting an upward departure, assigned counsel never made an application for a downward departure from the presumptive level three sex offender designation. In determining that the defendant was a level three sex offender, the County Court expressly noted the defendant's failure to make an application for a downward departure. Under these circumstances, and especially given that the defendant was classified in the highest risk category, the defendant sufficiently established the absence of any strategic or legitimate explanation for his attorney's failure to, inter alia, request a downward departure (see People v Collins, 156 AD3d at 830-831; People v Willingham, 101 AD3d 979).
Finally, given that the defendant never requested a downward departure, it is improper for my colleagues in the majority to presuppose that any such request, based upon mitigating circumstances that were never presented, would have had little or no chance of success in lowering the defendant's level three classification. In the order appealed from, the County Court expressly [*5]noted that it did not consider a downward departure only because the defendant never requested one. The Board, which recommended that the defendant be classified a level one sex offender, utilized criteria set forth in its Scoring for Child Pornography Position Statement. Thus, notwithstanding the nature and number of the images possessed by the defendant, there is some indication in this record that there may be mitigating factors such that a level three designation "might lead to an excessive level of registration" (People v Gillotti, 23 NY3d at 860). Given these circumstances, the defendant was entitled, at a minimum, to have assigned counsel request a downward departure.
Accordingly, I vote to reverse the order appealed from and remit the matter to the County Court, Suffolk County, for a new SORA hearing and a new risk level determination.
ENTER:
Aprilanne Agostino
Clerk of the Court