People v Bertrand (2021 NY Slip Op 03338)





People v Bertrand


2021 NY Slip Op 03338


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-04295

[*1]The People of the State of New York, respondent,
v
Roni Bertrand, appellant.


Janet E. Sabel, New York, NY (Susan Epstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael Brennan, J.), rendered March 16, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and a new determination thereafter, in accordance herewith.
The defendant was convicted, in federal court, of possession of child pornography (18 USC § 2252[b][2]). After a hearing to determine his level of risk pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), at which the defendant was assessed 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victims), and 20 points under risk factor 7 (victims were strangers), the defendant was designated a level two sex offender. The defendant appeals, asserting that he was deprived of the effective assistance of counsel at the SORA hearing.
A defendant has a right to the effective assistance of counsel in a SORA proceeding (see People v Collins, 156 AD3d 830; People v Willingham, 101 AD3d 979). Here, the only argument that defense counsel made at the hearing—challenging the assessment of points under risk factors 3 and 7 in light of the nature of the offense—had been soundly rejected by the Court of Appeals (see People v Gillotti, 23 NY3d 841; People v Johnson, 11 NY3d 416) and this Court (see e.g. People v Waldman, 178 AD3d 1107; People v Rivas, 173 AD3d 786, 787; People v Vasquez, 162 AD3d 1085). Under the particular circumstances of this case, defense counsel's failure to apply, instead, for a downward departure on the basis of an overassessment of risk level due to application of points under risk factors 3 and 7 (see People v Gillotti, 23 NY3d at 860), demonstrated a misunderstanding of the relevant law and amounted to ineffective assistance of counsel (see People v Collins, 156 AD3d 830; People v Willingham, 101 AD3d 979; cf. People v Carman, ___AD3d___, 2021 NY Slip Op 02834 [2d Dept]).
Accordingly, we reverse the order and remit the matter for a new SORA hearing and a new determination thereafter of the defendant's SORA risk level.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court