People v Strong (2021 NY Slip Op 04567)





People v Strong


2021 NY Slip Op 04567


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-05060

[*1]The People of the State of New York, respondent,
v
James Strong, appellant. Mark Diamond, New York, NY, for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 22, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted use of a child in a sexual performance and possessing a sexual performance by a child. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed a total of 110 points under the risk assessment instrument and applied an automatic override to a presumptive risk level three classification based upon the defendant's diagnosis of pedophilic disorder. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911).
The defendant's contention that the County Court improperly assessed 30 points under risk factor 3 for having three or more victims is unpreserved for appellate review, as he did not oppose the People's request for the scoring of these points at the SORA hearing (see People v Marquez, 165 AD3d 986, 987; People v Destio, 145 AD3d 1047, 1047-1048). In any event, the contention is without merit.
Contrary to the defendant's contention, defense counsel was not ineffective for failing to challenge the assessment of points under risk factor 3 at the SORA hearing. "Ineffectiveness of counsel will not be found if an argument that could have been made in a proceeding would have had little to no chance of success" (People v Butler, 157 AD3d 727, 731).
The County Court properly assessed 10 points under risk factor 2 (contact with victim) for physical contact under clothing. The assessment of these points was supported by clear and convincing evidence in the record (see People v Dubeau, 174 AD3d 748, 749; People v [*2]Middleton, 50 AD3d 1114, 1115, affd 12 NY3d 737).
Moreover, the County Court properly assessed 20 points under risk factor 7 (relationship with victim), as there was clear and convincing evidence that the defendant and the victims depicted in the child pornography that he possessed were "strangers" within the meaning of the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006 [hereinafter Guidelines]) (see People v Hardy, 42 AD3d 487).
The Guidelines contain four overrides that automatically result in a presumptive risk level three (see Guidelines at 3). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d 993, 994; see Correction Law § 168-n[3]).
Contrary to the defendant's contention, the People established by clear and convincing evidence the applicability of the fourth override, namely, that there has been "a clinical assessment that the [defendant] has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Guidelines at 4). The defendant was diagnosed with pedophilic disorder, and accordingly, an override to a level three designation was appropriate (see People v Long, 129 AD3d 687, 688).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861). Here, the defendant failed to establish by a preponderance of the evidence that a downward departure was warranted (see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d at 128).
Accordingly, the County Court properly designated the defendant a level three sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court