People v Morancis (2022 NY Slip Op 00202)





People v Morancis


2022 NY Slip Op 00202


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-02174

[*1]The People of the State of New York, respondent,
v
Terron Morancis, appellant. Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; David G. McGowan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Evelyn L. Braun, J.), dated January 14, 2019, which, after a hearing, designated him a level three predicate sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new risk level assessment hearing and a new determination thereafter.
The defendant pleaded guilty to attempted sex trafficking (Penal Law §§ 110.00, 230.34[5]). After a hearing to determine his level of risk pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant was assessed a total of 155 points, the defendant was designated a level three predicate sex offender. The defendant appeals, asserting that he was deprived of the effective assistance of counsel in the SORA proceeding.
"A defendant has a right to the effective assistance of counsel in a SORA proceeding" (People v Bertrand, 194 AD3d 1081, 1081; see People v Bowles, 89 AD3d 171, 179). "To prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation" (People v Flores, 84 NY2d 184, 187; see People v Mendoza, 33 NY3d 414, 418). "Meaningful representation" (People v Oliveras, 21 NY3d 339, 346) is determined by an examination of "'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation'" (id. at 346, quoting People v Baldi, 54 NY2d 137, 147).
Here, counsel made only two arguments at the SORA hearing. Counsel challenged the assessment of 25 points under risk factor 2, and the assessment of 10 points under risk factor 13. Counsel's arguments regarding these risk factors were not only without merit, but they demonstrated that counsel was not adequately familiar with the facts of the case, or the applicable law (see generally People v Oathout, 21 NY3d 127, 132; People v Collins, 156 AD3d 830, 830; People v Willingham, 101 AD3d 979, 979; cf. People v Mendoza, 33 NY3d at 419). In any event, even if the two arguments raised by counsel had a basis in fact and law, they would not have altered the defendant's presumptive risk level. Indeed, counsel only challenged 35 of the 155 total points assessed against the defendant, and a resulting score of 120 would have still been within the range (between 110 and 300 points) of a presumptive level three (high) offender. Counsel did not seek a [*2]downward departure from the defendant's presumptive risk level designation as a level three sex offender, and the record supports the defendant's claim that his counsel failed to articulate any argument that would have had any effect on the outcome of the SORA proceeding (see People v Willingham, 101 AD3d at 979; People v Dinkle, 302 AD2d 1014, 1015-1016; cf. People v Sudler, 75 AD3d 901, 906). Contrary to the People's contention, the record does not demonstrate that counsel made a "strategic decision to attack the assessment of points, while foregoing any request for a downward departure." Any such strategy in this case "would have made no sense" because it would not have had any effect on the outcome of the SORA proceeding (People v Camacho, 178 AD3d 515, 516). Counsel's failure to make any application for a downward departure, under the particular circumstances of this case, worked to deprive the defendant of his right to zealous advocacy, and amounted to less than meaningful representation (see People v Nesbitt, 20 NY3d 1080, 1081-1082; see also People v Bertrand, 194 AD3d at 1081-1082; People v Collins, 156 AD3d at 830).
In sum, the circumstances of this case, viewed in totality and as of the time of the representation, reveal that counsel did not provide effective assistance in the SORA proceeding. Accordingly, we reverse the order, and remit the matter for a new SORA hearing and a new determination thereafter of the defendant's SORA risk level, consistent herewith.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court