People v Motta (2022 NY Slip Op 01822)





People v Motta


2022 NY Slip Op 01822


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2018-15107

[*1]The People of the State of New York, respondent,
v
Joseph Motta, appellant. Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.


Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated November 30, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Martin Geoffrey Goldberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Joseph A. Hanshe, 116 Greene Avenue, Sayville, NY 11782-2723, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. The appellant was granted leave to proceed as a poor person in the Supreme Court, Nassau County, and pursuant to Correction Law § 168-n(3), his status as a poor person continues on appeal. By prior decision and order on motion of this Court dated June 16, 2021, it was ordered that the appeal would be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant was deprived of the effective assistance of counsel at the hearing to determine his level of risk pursuant to the Sex Offender Registration Act (see People v Morancis, 201 AD3d 751; People v Collins, 156 AD3d 830; People v Willingham, 101 AD3d 979; see also Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713-714; People v Baldi, 54 NY2d 137, 147). Accordingly, assignment [*2]of new counsel is warranted (see People v Stokes, 95 NY2d 633, 638; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court