People v Echols (2022 NY Slip Op 04310)

People v Echols

2022 NY Slip Op 04310

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-00253

[*1]The People of the State of New York, respondent,
v
Chris Echols, appellant. Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Candi Green, and Ellen C. Abbott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne J. Melendez, J.), dated January 4, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new risk level assessment hearing and a new determination thereafter.
The defendant pleaded guilty to attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50[3]). After a hearing to determine his level of risk pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant was assessed a total of 120 points, the defendant was designated a level three sex offender. The defendant appeals.
The defendant contends that the Supreme Court erroneously assessed 20 points against him under risk factor 4, based on a continuing course of sexual misconduct, since the People, who apparently submitted no evidence at the SORA hearing aside from the risk assessment instrument and the case summary prepared by the Board of Examiners of Sex Offenders, failed to prove by clear and convincing evidence that the defendant engaged in two or more offending acts separated by at least 24 hours, or three or more such acts occurring over a period of at least two weeks (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v Jarama, 178 AD3d 970). At the SORA hearing, the defendant's counsel presented only one argument, asserting that the assessment of 30 points under risk factor 9 was improper. He then stated that he was "in agreement" with the assessment of points in all other categories. Accordingly, the issue of whether 20 points were properly assessed under risk factor 4 was waived, and is not properly before us on this appeal.
The defendant further contends, in the alternative, that he was deprived of the effective assistance of counsel at the SORA hearing. A defendant has a right to the effective assistance of counsel in a SORA proceeding (see People v Morancis, 201 AD3d 751; People v Bowles, 89 AD3d 171, 179). To prevail on a claim of ineffective assistance of counsel under the New York Constitution, a defendant must demonstrate that, viewing the evidence, the law, and the circumstances of a particular case in totality and as of the time of the representation, his or her attorney "failed to provide meaningful representation" (People v Caban, 5 NY3d 143, 152; see People v Baldi, 54 NY2d 137, 147; People v Bowles, 89 AD3d at 177, 181).
In this case, the sole argument advanced by the defendant's assigned counsel, challenging the assessment of points under risk factor 9, was clearly devoid of merit. Counsel then expressly conceded that the points in all other categories had been properly assessed, even though there was at least a colorable argument to be made that the People had failed to establish that the temporal requirements for the assessment of points under risk factor 4 were satisfied (see People v Collins, 156 AD3d 830; People v Willingham, 101 AD3d 979, 980). Contrary to the People's contention, it cannot be said that such an argument would have had little or no chance of success. Although the case summary established that the defendant committed multiple offending acts, it did not contain any information as to when these acts occurred relative to each other, and therefore, standing alone, was insufficient to support the assessment of 20 points under risk factor 4 (see People v Jarama, 178 AD3d at 971; People v Filkins, 107 AD3d 1069; People v Redcross, 54 AD3d 1116, 1117). Moreover, counsel's argument regarding risk factor 9, and other statements made by counsel during the hearing, indicated that counsel was not adequately familiar with the applicable law (see People v Morancis, 201 AD3d at 752; People v Collins, 156 AD3d at 830). In addition, counsel stated that he was seeking a downward departure, but failed to articulate any argument in support of such a departure (see People v Morancis, 201 AD3d at 752; People v Collins, 156 AD3d at 830-831).
In sum, the circumstances of this case, viewed in totality, reveal that the defendant's assigned counsel did not provide meaningful representation at the SORA hearing. Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for a new risk level assessment hearing and a new determination thereafter.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court