People v Motta (2023 NY Slip Op 01908)

People v Motta

2023 NY Slip Op 01908

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2018-15107

[*1]The People of the State of New York, respondent,
v
Joseph Motta, appellant. 

Joseph A. Hanshe, Sayville, NY (Kimberly M. Ball of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated November 30, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing and a new determination thereafter, in accordance herewith.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 100 points under the risk assessment instrument, presumptively placing him within the range for a level two designation. However, based upon the defendant's prior conviction of a felony sex crime, the Board of Examiners of Sex Offenders recommended that the defendant be classified as a level three sex offender pursuant to an automatic override (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]). The Supreme Court designated the defendant a level three sex offender. The defendant appeals.
Contrary to the People's contention, this appeal should not be dismissed pursuant to CPLR 5511 as the order appealed from was not entered upon the defendant's consent. Although, at the SORA hearing, defense counsel agreed that the defendant was a presumptive level three sex offender, counsel never indicated that the defendant consented to an ultimate designation as a level three sex offender (cf. People v Jennings, 146 AD3d 823, 824; People v Johnson, 142 AD3d 1061).
"A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Willingham, 101 AD3d 979, 979; see People v Parvez, 209 AD3d 885, 886). Here, the defendant's counsel failed to provide "meaningful representation" (People v Benevento, 91 NY2d 708, 712), as he "failed to litigate any aspect of the adjudication" (People v Willingham, 101 AD3d at 980; see People v Collins, 156 AD3d 830, 830-831), essentially declining to take any position on the matter.
Accordingly, we reverse the order and remit the matter to the Supreme Court, Nassau County, for a new hearing and a new determination thereafter of the defendant's risk level under [*2]SORA.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court