People v Sprosta (2023 NY Slip Op 05747)

People v Sprosta

2023 NY Slip Op 05747

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2019-07584

[*1]The People of the State of New York, respondent, 
v
Sean Sprosta, appellant. Patricia Pazner, New York, NY (Jenna Hymowitz of counsel), for appellant.

Eric Gonzalez, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy Mangano, Jr., J.), entered June 19, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of first-degree rape, first-degree robbery, and first-degree burglary. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points under the Risk Assessment Instrument, presumptively placing him within the range for a level two designation. However, the court granted the People's application for an upward departure based upon the defendant's subsequent conviction of attempted murder, and designated the defendant a level three sex offender. The defendant appeals, contending that defense counsel failed to provide effective assistance at the SORA proceeding.
"A defendant has a right to the effective assistance of counsel in a SORA proceeding" (People v Bertrand, 194 AD3d 1080, 1081; see People v Willingham, 101 AD3d 979, 979). "Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). "Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case" (People v Wolbert, 207 AD3d at 485; see People v Henry, 95 NY2d 563, 566; People v Benevento, 91 NY2d 708, 714; People v Georgiou, 38 AD3d at 160-161; People v Brown, 300 AD2d 314, 315). Nonetheless, even under the state standard, defense counsel is not ineffective for failing to advance an argument that had little to no chance of success (see People v Caban, 5 NY3d 143, 152; People v Strong, 196 AD3d 707, 708; People v Green, 195 AD3d 754, 755-756).
Here, regarding risk factor 7 (relationship to the victim), the People established by clear and convincing evidence that the complainant was a stranger to the defendant based upon the complainant's grand jury testimony (see People v Williams, 202 AD3d 714, 715; People v Brown, 163 AD3d 727, 727). At the hearing, defense counsel challenged the assessment of points under risk factor 7, contending that the complainant had previously had a relationship with the defendant. [*2]Although the defendant contends on appeal that defense counsel was ineffective for failing to make this same argument based specifically upon the defendant's statement in the case summary prepared by the Board of Examiners of Sex Offenders, even assuming, arguendo, that counsel should have done so, defense counsel's omission was not so egregious and prejudicial as to deprive the defendant of the effective assistance of counsel (see People v Clement, 209 AD3d 1300, 1301; People v Butler, 157 AD3d 727, 730-732; see also People v Williams, 202 AD3d at 715).
Contrary to the defendant's further contention, defense counsel was not ineffective for failing to challenge the assessment of 20 points under risk factor 13 (conduct while confined). The assessment of these points was established by clear and convincing evidence based upon the defendant's receipt of a disciplinary sanction for masturbating as a corrections officer walked by his cell (see People v Bautista, 210 AD3d 1020, 1021). Had defense counsel challenged the assessment of these points based on the argument advanced on appeal, such an argument would have had little or no chance of success (see People v Caban, 5 NY3d at 152; People v Strong, 196 AD3d at 708; People v Green, 195 AD3d at 755-756).
Further, defense counsel was not ineffective for failing to request a downward departure based upon the same alleged mitigating factors that defense counsel argued in opposition to the People's successful application for an upward departure. The record demonstrates that such an argument had little or no chance of success, and there is no reasonable probability that had counsel requested a downward departure, the result of the proceeding would have been different (see People v Carman, 194 AD3d 760, 763, affd 38 NY3d 972; People v Butler, 157 AD3d at 731-732; see also Strickland v Washington, 466 US at 694; People v DeJesus, 117 AD3d 1017, 1018).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court