People v Reyes (2025 NY Slip Op 06090)

People v Reyes

2025 NY Slip Op 06090

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-00570

[*1]The People of the State of New York, respondent,
v
Camel Reyes, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY, for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 9, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Following a hearing, the Supreme Court designated the defendant a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C). The defendant appeals.
"A defendant has a right to the effective assistance of counsel in a SORA proceeding" (People v Bertrand, 194 AD3d 1081, 1081). "Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). "Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case" (People v Wolbert, 207 AD3d at 485; see People v Georgiou, 38 AD3d at 160-161). Nonetheless, even under the state standard, defense counsel is not ineffective for failing to advance an argument that had little to no chance of success (see People v Caban, 5 NY3d 143, 152).
Here, although defense counsel arguably should have made an application for a downward departure from the defendant's presumptive SORA risk level, counsel's "omission was not so egregious or prejudicial as to deprive the defendant of the effective assistance of counsel" (People v Carman, 194 AD3d 760, 763, affd 38 NY3d 972; see People v Sprosta, 221 AD3d 836, 838; cf. People v Bertrand, 194 AD3d at 1081-1082). Under the circumstances, a downward departure application would have had little or no chance of success, and there is no reasonable probability that had counsel requested a downward departure, the result of the proceeding would have been different (see People v Sprosta, 221 AD3d at 838; People v Carman, 194 AD3d at 763).
Accordingly, the Supreme Court properly designated the defendant a level two sex [*2]offender.
DILLON, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court