People v Patterson (2020 NY Slip Op 03680)





People v Patterson


2020 NY Slip Op 03680


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2016-13274

[*1]People of State of New York, respondent,
v
Melvin Patterson, appellant. Arza R. Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.


Madeline Singas, District Attorney, Mineola, NY (Monica M. C. Leiter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated December 1, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order designating him a level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), arguing that the Supreme Court improperly rejected his request for a downward departure. As the People concede, the court erroneously applied a clear and convincing standard of evidence in finding that the defendant did not establish the existence of mitigating circumstances. "[A] defendant must prove the existence of the mitigating circumstances upon which he or she relies in advocating for a departure by a mere preponderance of the evidence" (People v Gillotti, 23 NY3d 841, 864). However, "remittal is not required where, as here, the record is sufficient for this Court to make its own findings of fact and conclusions of law" (People v Bowden, 88 AD3d 972, 973).
The defendant failed to establish by a preponderance of the evidence that his response to treatment and efforts at rehabilitation were of such degree as to constitute legitimate mitigating circumstances, and as such, the Supreme Court did not have the discretion to downwardly depart from the presumptive risk level (see People v Varvaro, 171 AD3d 958, 960).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court