People v Powell (2022 NY Slip Op 04747)

People v Powell

2022 NY Slip Op 04747

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-10113

[*1]The People of the State of New York, respondent,
v
Douglas Powell, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Elise Bonine of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated August 14, 2019, which, after a hearing upon remittitur from this Court (see People v Powell, 173 AD3d 1228), designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 105 points, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n). The defendant appeals.
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish by a preponderance of the evidence that his response to sex offender treatment and efforts at rehabilitation were of such a degree as to constitute a legitimate mitigating factor (see People v Ramos, 186 AD3d 511, 512; People v Patterson, 185 AD3d 615, 616; People v Jimenez, 178 AD3d 1099, 1100; People v Varvaro, 171 AD3d 958, 960; People v Pendleton, 112 AD3d 600, 601).
Accordingly, the Supreme Court properly denied the defendant's request for a [*2]downward departure and designated him a level two sex offender.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court