■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HOLLEY, Appellant. [5 NYS3d 908]—Appeal by the defendant from an order of the Supreme Court, Kings County (Henry, J.), dated June 13, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In denying the defendant's request for a downward departure, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law (*see* Correction Law § 168-d [3]). However, because the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Brown*, 116 AD3d 1017, 1017-1018 [2014]; *People v Grubbs*, 107 AD3d 771, 772 [2013]; *People v Lacewell*, 103 AD3d 784, 785 [2013]). Upon our review of the record, we find that it was not an improvident exercise of discretion for the Supreme Court to deny the defendant's request for a downward departure to a level one sex offender (*see People v Gillotti*, 23 NY3d 841, 857-859 [2014]; *People v Worrell*, 113 AD3d 742, 743 [2014]; *People v Fryer*, 101 AD3d 835, 836 [2012]).

The defendant was not deprived of the effective assistance of counsel. Applying the New York State standard for the effective assistance of counsel, the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's attorney provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are unpreserved for appellate review. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.