People v Ramos (2020 NY Slip Op 04414)





People v Ramos


2020 NY Slip Op 04414


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-03238

[*1]People of State of New York, respondent,
v
John Ramos, appellant. Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated February 13, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Johnson, 174 AD3d 752, 753).
Here, the defendant did not meet his burden of identifying an appropriate mitigating factor and establishing the facts in support thereof (see People v Wyatt, 89 AD3d at 128). The nature and date of the defendant's prior criminal convictions and the defendant's conduct while in custody were taken into account when assessing points under the Guidelines, and they therefore were not "appropriate mitigating factor[s]" (id.; see Guidelines at 6, 13-14, 16, 24; People v Johnson, 174 AD3d at 753). "Although advanced age' may constitute a basis for a downward departure," the defendant failed to establish by a preponderance of the evidence that his age rendered him less likely to reoffend (People v Alvarez, 153 AD3d 645, 646, quoting Guidelines at 5). Further, while "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines" (People v Madison, 98 AD3d 573, 574), the defendant did not prove by a preponderance of the evidence the facts in support of this mitigating factor (see People v Moultrie, 147 AD3d 800, 801; cf. People v Davis, 179 AD3d 183). The defendant also failed to establish that his response to sex offender treatment was "exceptional" (Guidelines at 17; see People v Washington, 105 AD3d 724, 725), and failed to demonstrate how having support from his family [*2]established a lower likelihood of reoffense or danger to the community (see People v Rubino, 178 AD3d 1104, 1105).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure and designating him a level three sex offender.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court