People v Williams (2022 NY Slip Op 00688)





People v Williams


2022 NY Slip Op 00688


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-09743

[*1]The People of the State of New York, respondent,
v
Dashawn Williams, appellant. Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Rosenblum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (John G. Ingram, J.), dated July 29, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571). "In determining the appropriate risk level, 'the court shall review any victim's statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and any materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations'" (People v Mingo, 12 NY3d at 571, quoting Correction Law § 168-n[3]; see Correction Law § 168-d[3]).
Here, as the defendant correctly contends, the evidence in support of the People's contention that the defendant should be assessed 30 points under risk factor 1, for being armed with a dangerous instrument, was not sufficient to satisfy the People's burden of proving the required facts by clear and convincing evidence (see Penal Law § 10.00[13]; see generally People v Hall, 18 NY3d 122, 128-129). Conversely, the Supreme Court properly assessed the defendant 20 points under risk factor 7. Contrary to the defendant's contention, the People established, by clear and convincing evidence, that the defendant and the victim were strangers within the meaning of SORA (see SORA: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter Guidelines]; People v Brown, 163 AD3d 727, 727). "[E]vidence that is admissible and sufficient need not be credited by the SORA court, the fact-finder charged with weighing the evidence and determining whether the People met their burden of proof" (People v Diaz, 34 NY3d 1179, 1181). Thus, the court was free to credit the victim's grand jury testimony that she met the defendant for the first time on the date of the incident, and to discredit any contradictory information within the presentence investigation report.
The defendant did not challenge the points assessed under risk factors 2 (25 points), 5 (20 points), 9 (30 points), and 11 (15 points). The defendant concedes that rather than the 30 points assessed by the Supreme Court under risk factor 1, he should have been assessed 10 points under that risk factor for the use of forcible compulsion. The resulting total assessment of 120 points presumptively classifies the defendant as a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Ramos, 186 AD3d 511, 511). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Ramos, 186 AD3d at 511).
Here, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level designation (see People v Johnson, 109 AD3d 972, 973). While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to establish, by a preponderance of the evidence, that his response to treatment was exceptional (see People v McClendon, 175 AD3d 1329, 1331; People v Wallace, 144 AD3d 775, 776). Further, the defendant failed to demonstrate how possessing certain job skills and having support from the mother of his child established a lower likelihood of reoffense or danger to the community (see People v Ramos, 186 AD3d at 512).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court