People v Alleyne (2023 NY Slip Op 00115)

People v Alleyne

2023 NY Slip Op 00115

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01938

[*1]The People of the State of New York, respondent,
v
David Alleyne, appellant. 

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Donald Leo, J.), dated February 11, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 100 points on the risk assessment instrument (hereinafter RAI), denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's educational and vocational achievements, his accomplishments in prison, his acceptance of responsibility, as well as his close ties with his family, were adequately taken into account by the Guidelines (see People v Williams, 204 AD3d 710, 711; People v Coleman, 203 AD3d 851, 853; People v Adams, 174 AD3d 828, 829-830). In addition, the defendant's successful completion of treatment programs (see Guidelines at 15-16) and his plans to reenter the community (see Guidelines at 17) were adequately taken into account by the Guidelines (see People v Roelofsen, 195 AD3d 962, 963). The fact that the defendant will remain under specialized supervision is also accounted for in the Guidelines, because the defendant was not assessed any points under risk factor 14, rather than the 15 points he would have received for release without supervision, or the 5 points he would have received for release with nonspecialized supervision (see [*2]Guidelines at 17-18; People v Curry, 158 AD3d 52, 62).
Contrary to the defendant's contention, an offender's young age of 20 years or younger at the time the first sex offense is committed is taken into account by the Guidelines, and is deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Adams, 174 AD3d at 829).
Although lengthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the RAI (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516), here, considering the egregious nature of the offense and the consequences to the victim, the defendant failed to establish that the totality of the circumstances warranted a downward departure (see People v Williams, 204 AD3d 710, 711; People v Sprinkler, 162 AD3d 802, 803; People v Madison, 98 AD3d 573, 574).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court