People v Adams (2023 NY Slip Op 05410)

People v Adams

2023 NY Slip Op 05410

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-06270

[*1]People of State of New York, respondent,
v
Jerry Adams, appellant. 

Twyla Carter, New York, NY (Samuel Claflin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated March 11, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant sought a downward departure from his presumptive level three risk designation. The Supreme Court denied the downward departure application, and designated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although debilitating illness and advanced age may constitute grounds for a downward departure, here, the defendant failed to prove that his age or health at the time of the SORA hearing constituted appropriate mitigating factors and minimized his risk of reoffense (see People v Gunter, 217 AD3d 788, 790-791; People v Rivas, 185 AD3d 740, 741). Similarly, while "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines" (People v Madison, 98 AD3d 573, 574), the defendant did not prove by a preponderance of the evidence the facts in support of this mitigating factor (see People v Abdullah, 210 AD3d 704, 706; People v Haims, 203 AD3d 1184; People v Ramos, 186 AD3d 511, 511-512).
In any event, even considering the proffered mitigating factors, the totality of the circumstances—including the potential for great harm to be inflicted if the defendant were to reoffend, as reflected by the nature of the offense, and the defendant's failure to admit his wrongdoing and refusal to participate in treatment—did not demonstrate that a departure was warranted in the exercise of discretion to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Abdullah, 210 AD3d at 706; People v Aller, 164 AD3d 1381, 1382; People v Grubbs, 107 AD3d 771, 773).
Finally, the defendant failed to show that, but for a claimed error by defense counsel, the result of the proceeding would have been different or that defense counsel's error was so egregious and prejudicial that it denied the defendant meaningful representation (see People v Parvez, 209 AD3d 885, 888; People v Holley, 127 AD3d 1154). Accordingly, the defendant has not demonstrated that he was deprived of the effective assistance of counsel.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court