People v Espinoza (2023 NY Slip Op 06264)

People v Espinoza

2023 NY Slip Op 06264

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-00275

[*1]The People of the State of New York, respondent,
v
Victor Espinoza, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman, Argun Ulgen, and Mia Guthart of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M.C. Leiter and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated December 21, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 110 points on the risk assessment instrument (hereinafter RAI), denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals, challenging the assessment of points under risk factors 2 (sexual contact with victim), 4 (duration of offense contact with victim), and 12 (acceptance of responsibility), and the denial of his application for a downward departure.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Brown, 194 AD3d 861, 861; see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that 25 points should be assessed under risk factor 2 for engaging in sexual intercourse with the victim and that 20 points should be assessed under risk factor 4 for a continuing course of sexual misconduct (see People v Brown, 194 AD3d at 862; People v Maldonado, 147 AD3d 798, 799). Moreover, the Supreme Court was free to credit the victim's statements when "weighing the evidence and determining whether the People met their burden of proof" (People v Diaz, 34 NY3d 1179, 1181; see People v Williams, 202 AD3d 714, 715). Further, the court was not limited solely to the consideration of the crimes of which the defendant was convicted in assessing points (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [*2][hereinafter Guidelines]; People v Sincerbeaux, 27 NY3d 683, 687-688; People v Brown, 194 AD3d at 862).
The Supreme Court also properly assessed 10 points under risk factor 12 for the defendant's failure to accept responsibility for his conduct. The People established by clear and convincing evidence that the defendant's most recent credible statements demonstrated that he minimized his culpability and denied responsibility for his sexual misconduct (see People v Davila, 208 AD3d 694, 695).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The fact that the defendant's score on the Static-99 classified him as low risk to reoffend "does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level" (People v Desnoyers, 180 AD3d 1080, 1081). Moreover, to the extent that an offender may rely on individual risk factors in the Static-99 to demonstrate that he or she is at a lower risk of reoffense or poses less of a danger to the community, the defendant did not identify any "specific, unique risk factor on the Static-99 that would serve as a mitigating factor in this case" (People v Vega, 189 AD3d 1288, 1289; see People v Desnoyers, 180 AD3d at 1081).
Although lengthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the RAI (see People v Alleyne, 212 AD3d 660, 662; People v Sotomayer, 143 AD3d 686, 687), here, "considering the egregious nature of the offense and the consequences to the victim, the defendant failed to establish that the totality of the circumstances warranted a downward departure" (People v Alleyne, 212 AD3d at 662; see People v Williams, 204 AD3d 710, 711).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court