People v Pahlitzsch (2024 NY Slip Op 06068)

People v Pahlitzsch

2024 NY Slip Op 06068

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-01897

[*1]People of State of New York, respondent,
v
Clifford Pahlitzsch, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated February 25, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level two sex offender based upon the assessment of 85 points on the risk assessment instrument and the denial of his application for a downward departure to level one. The defendant appeals.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735).
Although lengthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the risk assessment instrument (see People v Espinoza, 222 AD3d 668, 670; People v Alleyne, 212 AD3d 660, 662; People v Sotomayer, 143 AD3d 686, 687), here, the defendant failed to establish the existence of facts in support of this alleged mitigating factor by a preponderance of the evidence. The defendant's contention that the County Court should not have relied upon certain hearsay statements in the presentence investigation report (hereinafter the PSR) to undermine his showing that he had not committed any other sex offenses is unpreserved for appellate review, as the defendant failed to raise this argument at the SORA hearing (see People v Dukes, 37 NY3d 1085, 1086; People v Cruz, 186 AD3d 1393; People v Smith, 17 AD3d 1045), and, in any event, without merit (see People v [*2]Diaz, 34 NY3d 1179, 1181; People v Mingo, 12 NY3d 563, 573).
"A defendant has a right to the effective assistance of counsel in a SORA proceeding" (People v Bertrand, 194 AD3d 1081, 1081; see People v Wolbert, 207 AD3d 483, 485). Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Even under the state standard, however, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Green, 195 AD3d 754, 755-756). Here, contrary to the defendant's contention, defense counsel was not ineffective for failing to submit additional evidence to demonstrate that he did not reoffend or failing to object to the County Court's consideration of certain hearsay statements in the PSR. The record demonstrates that such arguments had little or no chance of success (see People v Diaz, 34 NY3d at 1181; People v Espinoza, 222 AD3d at 670; People v Alleyne, 212 AD3d at 662; People v Gordon, 133 AD3d 835, 837), and there is no reasonable probability that the result of the proceeding would have been different (see People v Wolbert, 207 AD3d at 485; People v Butler, 157 AD3d 727, 732; see also Strickland v Washington, 466 US at 694).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court