People v Colon (2025 NY Slip Op 00681)

People v Colon

2025 NY Slip Op 00681

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-03725

[*1]The People of the State of New York, respondent, 
v
Louis Colon, appellant. 

Patricia Pazner, New York, NY (Jenna Hymowitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered April 29, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In April 1992, the defendant was convicted, after a jury trial, of two counts of sexual abuse in the first degree and criminal possession of a weapon in the third degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points on the risk assessment instrument, resulting in a presumptive risk level two designation, denied the defendant's application for a downward departure to a risk level one, and designated the defendant a level two sex offender.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Greenridge, 224 AD3d 852, 853, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted).
Contrary to the defendant's contention, the Supreme Court properly assessed the defendant 25 points under risk factor 2 (sexual contact with victim) for engaging in sexual intercourse with the victim. The People established by clear and convincing evidence that the defendant engaged in sexual intercourse with the victim through the submission of the victim's grand jury testimony, which constitutes reliable hearsay (see People v Sincerbeaux, 27 NY3d 683, 688). The court was "free to credit" the victim's grand jury testimony when "weighing the evidence and determining whether the People met their burden of proof," and "was not limited solely to consideration of the crimes of which the defendant was convicted in assessing points" (People v Espinoza, 222 AD3d 668, 669 [internal quotation marks omitted]; see Sex Offender Registration [*2]Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Britton, 31 NY3d 1019, 1020; People v Dubeau, 174 AD3d 748, 749; see also People v Gardiner, 92 AD3d 1228, 1229).
Further, the Supreme Court properly denied the defendant's application for a downward departure to a risk level one. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Medina, 209 AD3d 775, 776, quoting People v Jones, 196 AD3d 515, 515; see People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d at 776, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Espinoza, 222 AD3d at 670).
Here, the purported mitigating factors consisting of the defendant's participation in sex offender treatment, his limited disciplinary record while incarcerated, and that he is otherwise subject to specialized supervision, were adequately taken into account by the Guidelines (see Guidelines at 15-17; People v Pareja-Hidalgo, 222 AD3d 892, 894; see also People v Boubacar, 222 AD3d 409). "'Moreover, although a defendant's response to sex offender treatment may qualify as a ground for a downward departure where response to treatment is exceptional, here, the defendant failed to establish that his response to such treatment was exceptional'" (People v Pareja-Hidalgo, 222 AD3d at 893, quoting People v Saunders, 209 AD3d 776, 778).
Further, although advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Medina, 225 AD3d 798, 798), the defendant failed to establish that his age at the time of the SORA hearing minimized his risk of reoffense (see People v Adams, 220 AD3d 953, 954).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court