People v Hizam (2025 NY Slip Op 01652)

People v Hizam

2025 NY Slip Op 01652

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-08256

[*1]The People of the State of New York, respondent, 
v
Khalid Hizam, appellant.

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Heidi C. Cesare, J.), dated September 19, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
"[A] court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score. At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d 841, 861; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861). "[A] defendant must prove the existence of the mitigating circumstances upon which he or she relies in advocating for a departure by a mere preponderance of the evidence" (id. at 864). "If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure. Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id. at 861).
Here, the Supreme Court properly denied the defendant's application for a downward departure. The defendant's young age when the offense was committed was taken into account by the Guidelines, and is deemed to be an aggravating factor rather than a mitigating factor (see People v Alleyne, 212 AD3d 660, 662; People v Roelofsen, 195 AD3d 962, 963). Although lengthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the risk assessment instrument, here, considering the [*2]egregious nature of the offense and the consequences to the victim, the defendant failed to establish that the totality of the circumstances warranted a downward departure (see People v Alleyne, 212 AD3d at 662).
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court