People v McNicholas (2025 NY Slip Op 02946)

People v McNicholas

2025 NY Slip Op 02946

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-02024

[*1]The People of the State of New York, respondent, 
v
Michael McNicholas, appellant.

Twyla Carter, New York, NY (Elizabeth Batkin of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated March 7, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16). After a hearing conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure, and designated the defendant a level two sex offender.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Bigelow, 175 AD3d 1443, 1444; see People v Gillotti, 23 NY3d at 861).
Here, the purported mitigating factor consisting of the defendant's acceptance of responsibility was adequately taken into account by the Guidelines (see People v Palmer, 217 AD3d 793, 794). Moreover, upon considering the other mitigating factors identified by the defendant, the totality of the circumstances did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Hizam, _____ AD3d _____, 2025 NY Slip Op 01652; People v Cronin, 235 AD3d 914, 915).
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court